Robert L. CLARKE, Comptroller of the
Currency, Plaintiff–Appellee,

v.

AMERICAN COMMERCE NATIONAL
BANK, Anaheim, California,
Defendant–Appellant.

No. 91–56327.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 1992.

Decided Sept. 8, 1992.

Barbara A. Reeves, Morrison & Foerster, Los Angeles, Cal., for defendant-appellant.

Larry J. Stein, Office of the Comptroller of the Currency, Washington, D.C., for plaintiff-appellee.

Before: PREGERSON, D.W. NELSON, and THOMPSON, Circuit Judges.

PREGERSON, Circuit Judge:

This case arises out of the efforts of the Office of the Comptroller of the Currency ("OCC") to investigate the banking practices of American Commerce National Bank ("ACNB" or "Bank"). ACNB appeals the order of the district court requiring it to turn over certain unredacted attorney billing statements to the OCC. The district court concluded that the information fell within the crime/fraud exception to the attorney-client privilege. We affirm, but on the ground that the attorney-client privilege does not protect the attorney billing statements from disclosure.

## I. BACKGROUND

The OCC is responsible for the periodic examination of all national banks to assure that they are operated in a safe and sound manner and in accordance with all applicable laws, rules, and regulations. Under 12 U.S.C. § 481 (1988), national bank examiners, as designees of the Comptroller, are authorized to conduct thorough examinations of the affairs of national banking associations. ACNB is a federally-chartered national banking association.

In August 1990, the OCC issued an administrative subpoena requesting, among other things, the production of all billing statements from outside legal counsel to ACNB since January 1, 1989. The OCC believed that the Bank may have improperly paid the personal legal expenses of its chairman, Gerald Garner. ACNB refused portions of this request, asserting the attorney-client privilege. It provided copies of billing statements, but redacted all descriptive information other than dates and fees.

The OCC brought an action in district court for an order to enforce its subpoena. After an in camera inspection of all unredacted attorney billing statements submitted to ACNB between January 1, 1989, and August 30, 1990, together with ACNB's line-by-line justification for asserting the attorney-client privilege, the district court granted in part and denied in part the OCC's motion to enforce its subpoena. The district court determined that the OCC made a prima facie showing that the bills of certain law firms fell within the crime/fraud exception to the attorney-client privilege. With respect to the bills of other law firms, the district court sustained ACNB's assertion of the attorney-client privilege, finding no basis to believe that the statements contained evidence of criminal or fraudulent conduct. This ruling was without prejudice to a later motion to renew should a basis for disclosure be uncovered.

To accommodate ACNB's anticipated appeal, the district court circled in red those portions of the bills ordered turned over which, when viewed in light of other material, led the district court to conclude that a sufficient prima facie case had been made. The bills remained sealed and were furnished to this court in camera. We stayed the district court's order pending the outcome of this appeal. We have jurisdiction under 28 U.S.C. § 1291 (1988).

ACNB contends that the district court erred in four respects: (1) by denying its motion to dismiss for failure to state a claim; (2) by ordering in camera inspection of its attorney billing statements; (3) by requiring a line-by-line justification for asserting the attorney-client privilege for each redacted item on the billing statements; and (4) by ordering production of the billing statements to the OCC.

## II. DENIAL OF MOTION TO DISMISS

ACNB first argues that the district court should have dismissed the OCC's complaint for failure to state a claim. ACNB contends that the complaint is facially defective because it does not address

the issue of attorney-client privilege. We agree with the district court that the OCC was not required to anticipate and address ACNB's defense of attorney-client privilege in its complaint. The district court did not err in denying ACNB's motion to dismiss.

## III. ATTORNEY–CLIENT PRIVILEGE

■ Issues concerning application of the attorney-client privilege in the adjudication of federal law are governed by federal common law. *See United States v. Zolin,* 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989); *United States v. Hodge and Zweig,* 548 F.2d 1347, 1353 (9th Cir.1977); Fed.R.Evid. 501. Under the attorney-client privilege, confidential communications made by a client to an attorney to obtain legal services are protected from disclosure. *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976); *United States v. Hirsch,* 803 F.2d 493, 496 (9th Cir.1986). Because the attorney-client privilege has the effect of withholding relevant information from the factfinder, it is applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney. *Fisher,* 425 U.S. at 403, 96 S.Ct. at 1569; *Tornay v. United States,* 840 F.2d 1424, 1426 (9th Cir.1988).

■ Not all communications between attorney and client are privileged. Our decisions have recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege. *See, e.g., Tornay,* 840 F.2d at 1426; *In re Grand Jury Witness (Salas and Waxman),* 695 F.2d 359, 361–62 (9th Cir.1982); *Hodge and Zweig,* 548 F.2d at 1353; *United States v. Cromer,* 483 F.2d 99, 101–02 (9th Cir.1973). However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege. *Salas,* 695

F.2d at 362. The burden of establishing that the attorney-client privilege applies to the documents in question rests with the party asserting the privilege. *Tornay,* 840 F.2d at 1426.

■ ACNB contends that the district court erred by conducting an in camera inspection of the attorney billing statements and by ordering a line-by-line justification for assertion of the attorney-client privilege. A district court may conduct an in camera inspection of alleged confidential communications to determine whether the attorney-client privilege applies. *See Kerr v. United States Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 404–405, 96 S.Ct. 2119, 2124–2125, 48 L.Ed.2d 725 (1976); *Salas,* 695 F.2d at 362.

■ ACNB relies on our decision in *Salas,* 695 F.2d at 362, in arguing that the district court had no basis for ordering it to provide a line-by-line justification for each requested redaction. In *Salas,* we stated that the parties seeking to invoke the attorney-client privilege should have provided the court with "an explanation of how the information [contained in the documents subject to the grand jury subpoena] fits within the privilege." *Id.* Nothing in *Salas* indicates that a court is prohibited from requiring individual explanations justifying the assertion of privilege. To the contrary, we have noted that blanket assertions of the privilege are "extremely disfavored." *See id.* The privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity. *United States v. Hodgson,* 492 F.2d 1175, 1177 (10th Cir.1974). *See also United States v. El Paso Co.,* 682 F.2d 530, 541–42 (5th Cir.1982) (attempt to invoke privilege rejected, due in part to the failure to "particularize its assertion of the privilege" with respect to each specific document), *cert. denied,* 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984).

■ After in camera inspection of the attorney billing statements, the district court determined that they fell within the

attorney-client privilege.[1] We review de novo a district court's rulings on the scope of the attorney-client privilege as they involve mixed questions of law and fact. *Tornay*, 840 F.2d at 1426 (citing *United States v. McConney*, 728 F.2d 1195, 1202 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984)).

We have examined the attorney billing statements ordered disclosed by the district court. We conclude that they do not contain privileged communications between attorney and client. The statements contain information on the identity of the client, the case name for which payment was made, the amount of the fee, and the general nature of the services performed. Our previous decisions have held that this type of information is not privileged. *See, e.g., Salas*, 695 F.2d at 361; *Cromer*, 483 F.2d at 101–02. We find nothing in the statements that reveals specific research or litigation strategy which would be entitled to protection from disclosure. Accordingly, we hold that the district court erred in concluding that the attorney-client privilege applies to the attorney billing statements subpoenaed by the OCC.[2] The district court, however, ordered disclosure based on the crime/fraud exception to the attorney-client privilege. Thus, we affirm the judgment of the district court but on different grounds. Because we have determined that the attorney billing statements are not protected by the attorney-client privilege, and were therefore properly ordered disclosed, we do not reach the issue of the scope of the crime/fraud exception.

AFFIRMED.

---

1. Although the ruling was not explicit, the district court's conclusion regarding the crime/fraud exception indicates that it must have found the attorney-client privilege applicable.

2. Because the district court denied in part the OCC's motion for enforcement of its subpoena, the billing statements that were not ordered disclosed are not before us on appeal. We render no opinion as to those documents.