OPINION
Before: SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
PER CURIAM.
This is an appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1826 from an order holding a law firm and its custodian of record in contempt for refusing to obey a district court order to produce documents. Appellants are attorneys for the creditors’ committee (“Committee”) in a . bankruptcy proceeding. The documents are sought by Michael E. Parker, who controlled the debt- or corporation and who is now a criminal defendant. The only important issue we need to consider is whether there is an attorney client privilege covering communications between a creditors’ committee in a bankruptcy proceeding and the attorneys for such a committee. We hold that there is a privilege in the circumstances of this case, where the party seeking the documents is engaged in adversarial litigation against the creditors’ committee and has no fiduciary relation to the Committee or its counsel.
BACKGROUND
The underlying criminal action concerns the management of Parker North American Corporation (“PNA”) by Parker. In 1989, after the corporation filed for bankruptcy-protection, the Committee was appointed by the United States Trustee pursuant to 11 U.S.C. § 1102. The Committee employed Frandzel & Share as counsel. The Committee is empowered to prosecute civil actions against Parker on behalf of the bankruptcy estate. Three civil actions are currently pending in district court.
In 1991,-a federal grand jury returned a forty-nine count indictment against Parker charging him with, among other counts, criminal racketeering, bank fraud, and money laundering. The indictment alleges that Parker used his company, PNA, to sell fictitious and fraudulent lease packages for automatic teller equipment to Columbia Savings & Loan Association.
On March 16, 1992, Parker issued two subpoenas duces tecum to the custodian of records of Frandzel & Share and Marcus, a Frandzel & Share attorney.. The subpoenas directed' Marcus and the custodian to appear in district court and bring with them all documents related to PNA and the Committee.
Frandzel & Share and Marcus moved to quash the subpoenas, which motion the district court denied. The district court ruled that no attorney client privilege exists for any confidential communications between an official creditors’ committee established under the Bankruptcy Code and its attorneys. The court ordered Marcus and Frandzel & Share produce all subpoenaed documents except those over which a claim of attorney work product had been asserted, which were to be submitted to a magistrate-judge.
Over 50 boxes of responsive documents have been provided appellee. Appellants state that the only responsive documents to the subpoenas which have not been produced are those claimed to be protected by the attorney client privilege.
On September 15, 1992, the district court ordered Frandzel & Share and Marcus to produce all remaining documents on or before September 25, 1992. They refused to comply. On October 2, 1992, district court cited Graham and Frandzel & Share for civil contempt. Graham was ordered confined until he produced the privileged documents. A fine of $500.00 per day was imposed against Frandzel & Share until it produced the documents. The court additionally ordered Frandzel & Share immediately to prepare and file an index of all privileged documents.[1] This appeal followed.
*1161 DISCUSSION
The district court held there was no privilege, relying on the bankruptcy court decision in In re Christian Life Center, 16 B.R. 35 (Bankr.N.D.Cal.1981), The bankruptcy court reasoned that the powers and duties of a creditors’ committee are antithetical to the nature of the attorney client privilege since the committee’s activities are “for the benefit of all creditors and their reports should be available to all creditors.” Id. at 37.
However, another bankruptcy court refused to follow Christian Life Center and reached a contrary conclusion. In re Baldwin-United Corp., 38 B.R. 802 (Bankr. S.D.Ohio 1984). That case was authored by Judge Newsome who is now a bankruptcy judge in the Northern District of California.
In Baldwin-United, counsel for the creditors’ committee attempted to remove two ex-officio, non-voting members from the committee in order to maintain the attorney client privilege for the other members of the committee. The two non-voting members opposed counsel’s action on the basis that the attorney client privilege did not exist in bankruptcy cases. The court rejected this argument and stated:
While we are cognizant of the fiduciary responsibilities of which a creditors’ committee owes to those it represents, we are unconvinced that the attor-' ney/client privilege is inherently antagonistic to those responsibilities. The purposes underlying the privilege have no less applicability to a creditor's committee than they do to any other entity, at least when disclosure of privileged communication is sought by those who are not represented by the committee, or who stand in an adversarial relationship with it. If the committee cannot engage in “full and frank communications” with its attorneys without fear of disclosure to such outsiders, then its work may be seriously hampered, to the detriment of those it represents.
Id. at 804-05, quoting Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981).
We are persuaded by the reasoning of Baldwin-United that we should recognize a privilege at least in the limited circumstance of this case. The primary function of a creditors’ committee is to advise the creditors of their rights and proper course of conduct in the bankruptcy proceedings. Pension Benefit Guaranty Corp. v. Pincus, Verlin, Hahn, Reich & Goldstein, 42 B.R. 960, 963 (Bankr.D.C.1984). The creditors’ committee may consult with the trustee concerning the administration of the case; investigate the acts, conduct, assets, and liabilities of. the debt- or; participate in the formation of a plan; and, advise those represented by such committee of the committee's determinations as to any plan formulated. 11 U.S.C. § 1103(c).[2] Given its duties and responsibilities, a creditors’ committee needs competent and effective representation. Counsel for a creditors’ committee is best able to serve his or her client if the attorney can engage in “full and frank communications.” Upjohn, 449 U.S. at 389, 101 S.Ct. at 682. We believe there is an even stronger need for confidentiality in this case than in Baldwin-United since in this case the disclosure of documents claimed to be confidential is sought by a person who is engaged in adversarial litigation with the Committee and its counsel.
Appellee argues that if the court finds the attorney client privilege exists, the crime or fraud exception to the privilege may apply, thus destroying the privilege. Appellee also asserts that even if the court recognizes a generic attorney client privilege for confidential communications between a creditors’ committee and its attorneys, the documents requested in the March 16, 1992 subpoenas relating to the *1162 meeting with the Bankruptcy Court Examiner are not privileged.
Because the district court found that appellants could not claim the attorney client privilege, it never analyzed whether any exceptions to the privilege were applicable. Nor. did it decide whether certain communications were or were not confidential. Therefore, it is inappropriate for the court to.assess appellee’s claims at this juncture.
' Appellants further contend that the district court erred in refusing to quash Parker’s subpoenas as “unreasonable and oppressive.” See Fed.R.Crim.P. 17(c). This claim has been waived, however, by' appellants’ production of all documents sought by the subpoenas except those claimed to be privileged. Appellants also contend that the district court erred in denying the Committee’s motion for leave to intervene as a matter of right. The Committee argues that its interests are such that disposition of the action involving Marcus and Frandzel & Share might harm its ability to protect itself.
Appellants correctly note that the attorney client privilege belongs to the Committee, not its attorneys, and the Committee’.s interests are potentially threatened by the outcome of the action. See United States v. Partin, 601 F.2d 1000, 1009. (9th Cir.1979). However, the Committee fails to provide any basis to conclude that its attorneys are not vigorously and aggressively seeking to protect its confidential attorney client communications. The Committee’s interest is adequately protected. We, therefore, affirm the district court’s denial of the Committee’s motion to intervene.
CONCLUSION
Accordingly, the district court’s order denying intervention is affirmed. The district court’s October 2, 1992 judgment of civil contempt against Graham and Frandzel & Share is vacated. See United States v. United Mine Workers, 330 U.S. 258, 294, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947). On remand, the district court shall enforce its order to require the preparation of an index as to which documents the privilege is claimed and shall conduct an in camera inspection of the allegedly privileged documents to determine which, if any, must be produced. See In re Grand Jury Witness (Salas), 695 F.2d 359, 362 (9th Cir.1982). See also, United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).
AFFIRMED IN PART AND VACATED IN PART AND REMANDED.

. The court has stayed the district court’s contempt orders against Graham and Frandzel & *1161 Share pending appeal and granted Graham’s motion for bail pending appeal.

. The Bankruptcy Code specifically envisions that a committee will employ attorneys. Counsel may not represent any other entity having an adverse interest in the case. 11 U.S.C. § 1103(b).