42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel BELTRAN-SANCHEZ, Defendant-Appellant.
 No. 93-30335.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1994.*
Decided Nov. 28, 1994.
 
 1
 Before: FLETCHER, D.W. NELSON, RYMER Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Defendant-Appellant ("appellant") Manuel Beltran-Sanchez appeals his guilty plea conviction for re-entering the United States after having been deported, in violation of 8 U.S.C. Sec. 1326(b)(2). Appellant claims that his deportation proceeding is a legal nullity for purposes of this criminal prosecution, because the Immigration and Naturalization Service ("INS") failed to provide him with notice of the deportation order and appellant's right to appeal. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 I. ACTUAL NOTICE OF RIGHT TO APPEAL ELIMINATES ANY PREJUDICE
 
 
 5
 Beltran-Sanchez's claims that defects in the underlying procedure invalidated the proceeding for use in his criminal conviction are mixed questions of law and fact requiring us to exercise judgment about legal principles. Accordingly, we review his claims de novo. United States v. Proa-Tovar, 975 F.2d 592, 594 (9th Cir.1992) (en banc).
 
 
 6
 Appellant maintains that the INS's failure to comply with its regulations, 8 C.F.R. Secs. 3.3(a) and 242.19(a), invalidates the deportation order and thus, he cannot be held criminally responsible as one who has been deported. "This Court does not take lightly the INS's breach of its duty to inform aliens of their rights." United States v. Villa-Fabela, 882 F.2d 434, 440 (9th Cir.1989), overruled on other grounds, Proa-Tovar, 975 F.2d at 595. Nevertheless, we have consistently held that "[v]iolation of an INS regulation will only invalidate deportation proceedings where the violation prejudices the interests of the alien." Acewicz v. United States INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 7
 [A] deportation is lawful even if the proceeding does not comply with every jot and tittle of the immigration laws. If the defendant was legally deportable, and, despite the INS's errors, the proceeding "could not have yielded a different result," the deportation is valid for purposes of section 1326.
 
 
 8
 United States v. Galicia-Gonzalez, 997 F.2d 602, 605 (9th Cir.1993) (per curiam) (quoting Proa-Tovar, 975 F.2d at 595); United States v. Cerda-Pena, 799 F.2d 1374, 1377 (9th Cir.1986).[1] "To establish prejudice, the defendant must produce evidence that 1) he did not know of his right; 2) he would have availed himself of the right had he known of it; and 3) 'there was likelihood that the contact would have resulted in assistance to him in resisting deportation.' " Villa-Fabela, 882 F.2d at 440 (quoting United States v. Rangel-Gonzales, 617 F.2d 529, 530 (9th Cir.1980)) (emphasis added).
 
 
 9
 Here, the government was able to show that appellant, through consultation with his attorney, had received actual notice of the deportation order and of appellant's right to appeal from it, a right he chose not to exercise. Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141-42 (9th Cir.1989); N.L.R.B. v. Sequoia Dist. Council of Carpenters, AFL-CIO, 568 F.2d 628, 633 (9th Cir.1977); Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962); see also 8 C.F.R. Sec. 292.5(a); Arreaza-Cruz v. INS, No. 93-70215, slip op. at 13764 (9th Cir. Nov. 9, 1994). Therefore, appellant could not show prejudice resulting from the INS's failure to comply with "every jot and tittle" of its regulations.
 
 II. WAIVER OF ATTORNEY-CLIENT PRIVILEGE
 
 10
 Appellant claims that the testimony of his counsel for the deportation proceedings was erroneously admitted over his objection, because this information was protected by the attorney-client privilege. We review de novo the district court's ruling on the scope of the attorney-client privilege and whether or not the privilege has been waived, as they involve mixed questions of law and fact. Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 130 (9th Cir.1992).
 
 
 11
 Appellant's pre-trial motion to dismiss put into issue the question of whether or not appellant had been notified of his right to appeal from the deportation order. The district court properly ruled that appellant's assertion that he had not been notified of his rights implicitly waived the attorney-client privilege as to communications between appellant and his attorney that contradict that assertion. Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir.1992). Therefore, we hold that the district court did not commit error in admitting this testimony.
 
 
 12
 Accordingly, appellant's conviction for violating 8 U.S.C. Sec. 1326 is
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant has invited us to overrule these precedents. However, sitting as a three-judge panel, we lack the authority to overrule the decisions of a prior panel. Branch v. Tunnel, 14 F.3d 449, 456 (9th Cir.), cert. denied, 114 S.Ct. 2704 (1994); United States v. Gay, 967 F.2d 322, 327 (9th Cir.), cert. denied, 113 S.Ct. 359 (1992). Therefore, we must decline the appellant's invitation to do so