KNOLL, J.,
dissenting from the order and assigning reasons.
The attorney-client privilege “only protects disclosure of confidential communications between the client and attorney; it does not protect disclosure of underlying facts.” Upjohn Co. v. United States, 449 U.S. 383, 395-96, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Information such as contingency fee contracts, hourly rates, hours spent by attorneys working on this litigation, attorney’s fees charged and costs incurred are not “confidential communications” and are therefore not privileged. La.Code Evid. art. 506; Chaudhry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir.1999). However, “ ‘[cjorrespondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege.’ ” Id. at 402 (quoting Clarke v. American Comm. Nat’l Bank, 974 F.2d 127, 129 (9th Cir.1992)). Based on the record before this Court, I would hold that the billing records are privileged because they reveal the client’s motivation for seeking legal representation, the nature of the services provided or contemplated, strategies to be employed in the event of litigation, and other confidential information exchanged during the course of the representation. In re Horn, 976 F.2d 1314, 1317-18 (9th Cir.1992); In re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir.1982). As such, I respectfully dissent from the majority’s order and would deny the writ.