PRESENT: All the Justices

ALLAN L. BERGANO

v. Record No. 171183

CITY OF VIRGINIA BEACH

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
December 6, 2018

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

Dr. Allan L. Bergano is embroiled in litigation in federal court with the City of Virginia Beach. He submitted a request under the Virginia Freedom of Information Act ("VFOIA"), asking for records of "all legal fees and expert invoices relating to all of the [City's] expenses" in litigating against Bergano in federal court. The City responded by providing extensively redacted records. Bergano then filed a petition for a writ of mandamus in the Circuit Court of the City of Virginia Beach asking the court to compel the City to limit the scope of the redaction. The circuit court denied the petition, holding that two VFOIA exceptions, the attorney-client exception and the work-product exception, justified the City's redactions. Bergano appeals from this decision. We conclude that the circuit court's application of the attorney-client and work-product exceptions was excessively broad and, consequently, we will reverse the judgment below.

BACKGROUND

Dr. Bergano made a request under VFOIA for the City to disclose "[a]ll invoices, bills or statements including, but not limited to, all legal fees and expert invoices relating to all of the [City's] expenses related to the litigation of Dr. Allan L. Bergano, D.D.S. and Dr. Allan L. Bergano, D.D.S., P.C. v. City of Virginia Beach . . . known as Case No.: 2:15cv520." In response, the City provided approximately 63 pages of invoices and payment documentation

from its outside counsel and approximately 16 pages of invoices and payment documentation for its expert witnesses. The City redacted most of the details, leaving only the date, name of the attorney, time billed, and the attorneys' hourly rates, as shown in the illustration below.



March 15, 2017

City of Virginia Beach
Attn: Mark D. Stiles, City Attorney
Virginia Beach City Attorney's Office
Municipal Center, Building 1
2401 Courthouse Drive, Room 260
Virginia Beach, VA 23456-9004

Bill No.:        1097155
Client No.:        005171
Matter No.:      0164933
                      H.W. Sims, Jr.

For legal services rendered through February 28, 2017 in connection with:

adv. Allan L. Bergano, D.D.S., P.C

| 02/01/17 | | |
| C.J. Belote | | 2.80 hrs. |
| 02/01/17 | | |
| C.J. Belote | | 0.20 hrs. |
| 02/01/17 | | |
| C.J. Belote | | 0.80 hrs. |
| 02/01/17 | | |
| C.J. Belote | | 3.30 hrs. |
| 02/01/17 | | |
| C.J. Belote | | 0.70 hrs. |
| 02/01/17 | | |
| H.W. Sims, Jr. | | 8.80 hrs. |
| 02/01/17 | | |
| B.T. Hogge | | 0.70 hrs. |

2

To justify these substantial redactions, the City invoked the exceptions to disclosure under Code §§ 2.2-3705.1(2) and -3705.1(3), which shield from disclosure records that fall under the attorney-client privilege and the work-product doctrine.

Dr. Bergano then filed a petition for a writ of mandamus seeking to compel the City to disclose its records. The City again invoked the attorney-client privilege and the work-product doctrine. At oral argument before the circuit court, an attorney for the City explained that, with litigation pending, the City was concerned about waiving attorney-client privilege or the protections of the work-product doctrine and felt compelled for that reason to err on the side of limiting disclosure. After reviewing the documents *in camera*, the court concluded that the records were exempt from disclosure under VFOIA. This appeal followed.

ANALYSIS

The issue before us is a matter of statutory interpretation. Consequently, we review the circuit court's decision de novo. *Fitzgerald v. Loudoun Cnty. Sheriff's Office*, 289 Va. 499, 504 (2015).

Under VFOIA, "[e]xcept as otherwise specifically provided by law, all public records shall be open to citizens of the Commonwealth . . . during the regular office hours of the custodian of such records." Code § 2.2-3704(A). As a bookend to this broad mandate of disclosure, VFOIA further provides that "no record shall be withheld . . . unless specifically made exempt pursuant to this chapter or other specific provision of law." Code § 2.2-3700(B).

VFOIA provides exceptions for documents protected by the attorney-client privilege and for attorney work-product. Code § 2.2-3705.1(2) exempts from disclosure under VFOIA any "[w]ritten advice of legal counsel to state, regional or local public bodies or the officers or employees of such public bodies, and any other information protected by the attorney-client

3

privilege." Code § 2.2-3705.1(3) also exempts "[l]egal memoranda and other work product compiled specifically for use in litigation." In construing the scope of these exceptions, VFOIA provides that "[a]ny exemption from public access to records . . . shall be narrowly construed." Code § 2.2-3700(B).

"As a general rule, confidential communications between an attorney and his or her client made in the course of that relationship and concerning the subject matter of the attorney's representation are privileged from disclosure." *Walton v. Mid-Atlantic Spine Specialists, P.C.*, 280 Va. 113, 122 (2010). "The objective of the attorney-client privilege is to encourage clients to communicate with attorneys freely, without fearing disclosure of those communications made in the course of representation, thereby enabling attorneys to provide informed and thorough legal advice." *Id.* Under the Virginia Rules of Evidence, the attorney-client privilege is "governed by the principles of common law as interpreted by the courts of the Commonwealth in the light of reason and experience." Va. R. Evid. 2:502.

With respect to attorney work-product, this Court's Rule 4:1(b)(3) generally shields from disclosure all otherwise discoverable documents and tangible things prepared in anticipation of litigation or for trial absent a showing of substantial need and the absence of access to other equivalent sources of information without undue hardship, and expressly protects from discovery "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that [the attorney] assemble information, sift what [counsel] considers to be the relevant from the irrelevant facts, prepare . . . legal theories and plan . . . strategy without undue and needless interference." *Hickman v. Taylor*, 329 U.S. 495,

4

510-11 (1947). Work-product is typically material "prepared in anticipation of litigation or for trial." *See* Rule 4:1(b)(3). This work can be reflected in "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways." *Hickman*, 329 U.S. at 511.

The attorney-client privilege protects confidential communications. The highest form of protection under the work-product doctrine requires that courts completely "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Rule 4:1(b)(3). *See generally Turner v. Theil*, 262 Va. 597, 603 (2001) (recognizing in the context of expert witness contacts that confidential information includes "a party's strategies in litigation, the kinds of experts that the retaining party expected to employ, a party's views of the strengths and weaknesses of each side's case, the role of each of the litigant's expert witnesses to be hired, anticipated defenses, counsel's theory of the case, and counsel's mental impressions.").

"Typically, the attorney-client privilege does not extend to billing records and expense reports." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999). "The identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." *Id.* (quoting *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)). "However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." *Id.* The Attorney General has similarly concluded in an official opinion that billing records generally do not fall within the attorney-client exception to disclosure under VFOIA, but that the exception

5

does cover documents that "contain an attorney's analytical work product or legal advice, or . . . confidential communications from a government client to the attorney." 1987-88 Op. Att. Gen. Va. 30 (Nov. 21, 1988).

In resolving whether the billing records before us are protected from disclosure under either of these exceptions, we note as a threshold matter that a court's *in camera* review of the records constitutes a proper method to balance the need to preserve confidentiality of privileged materials with the statutory duty of disclosure under VFOIA. *Virginia Dep't of Corr. v. Surovell*, 290 Va. 255, 269 (2015) ("[C]onfidential records requested in a VFOIA case are encouraged to be filed with the trial court for in camera inspection"); *LeMond v. McElroy*, 239 Va. 515, 518-21 (1990) (same).

We conclude, along with the Attorney General of Virginia and the United States Court of Appeals for the Fourth Circuit, that billing records may fall within the attorney-client and work-product exceptions to disclosure under VFOIA if they reveal confidential information, including the motive of the client in seeking representation, or if they reveal litigation strategy. Records indicating the specific nature of the services provided, such as researching particular areas of law, may also fall within these exceptions when the disclosure would compromise legal strategy. Disclosures that would reveal analytical work product or legal advice are also exempt from disclosure under VFOIA.

We have reviewed the unredacted billing records, which have been placed before this Court under seal. We conclude that the City's redactions were too broad and included items that are not shielded from disclosure by the attorney-client or work-product exceptions. We unseal two entries for the purpose of illustration.[*] We are at a loss for why a cursory entry dated

---

[*] All other parts of the previously sealed record remain sealed.

6

February 2, 2017 for "[t]rial preparation and document review," would fall under either VFOIA exception.  Similarly, disclosing the entry dated February 7, 2017 for "[a]ttend trial (Day One)" would not in any way reveal confidential client communications, analytical work product, motives for litigation, or compromise litigation strategy.  The previously redacted records include a number of such entries.

The circuit court allowed the City to withhold some entries from disclosure when these records plainly do not fall within the VFOIA exceptions for work-product and attorney-client privilege.  We therefore remand for a further *in camera* review and for disclosure of unredacted billing records consistent with this opinion.

Finally, VFOIA provides for the recovery of costs and attorney's fees when (1) a court finds that the denial of the request was "in violation of the provisions" of VFOIA and (2) a party "substantially prevails on the merits of the case."  Code § 2.2-3713(D).  The statute provides an exception to such an award, namely, when "special circumstances would make an award unjust." *Id.*  The City argues that such special circumstances are present.  On remand, the circuit court shall consider whether to award reasonable costs and attorney's fees under the circumstances of this case.

CONCLUSION

We will reverse the judgment below and remand for further proceedings.

*Reversed and remanded.*