Emil V. REAL, Plaintiff,

v.

The CONTINENTAL GROUP, INC., a corporation, and Continental Can Company, a corporation, Defendants.

No. C–83–2871.

United States District Court, N.D. California.

Nov. 10, 1986.

Guy Saperstein, Saperstein, Mari & Mayeta, Farnsworth, Saperstein & Seligman, fee counsel for Orrick, Herrington & Sutcliffe, Oakland, Cal., for plaintiff.

Janet Bentley, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge for the Eastern District of Wisconsin.

This age discrimination action was filed by the plaintiff, Emil Real, in June 1983. After a jury trial and post-trial motions, judgment was entered in favor of Mr. Real in the amount of $50,000. 627 F.Supp. 434. On September 15, 1986, plaintiff's counsel filed a motion for an award of reasonable attorneys' fees seeking fees in the amount of $570,000, together with costs incurred. Currently before me is a motion to compel certain discovery sought by the plaintiff in conjunction with the attorneys' fees mo-

tion. At issue in this motion to compel is the defendant's refusal to comply with certain discovery requests concerning the number of hours, hourly rates and bills and costs paid or incurred by the defendant in this litigation. This motion will be granted in part and denied in part.

In anticipation of an attorneys' fees dispute, the plaintiff served the defendant with a set of interrogatories and a set of document requests in April 1986. The defendant filed responses on June 12, 1986, in which it provided partial answers and asserted general objections to the requests on grounds of irrelevance, privilege and burdensomeness. Each one of these objections will be addressed separately.

However, before considering these objections, I note that among the plaintiff's discovery requests, certain information and documentation other than information concerning hours, hourly rates and bills and costs paid or incurred by the defendant is requested. For example, information is sought regarding defendants' attorneys' past experience and education. Although the defendant has only provided partial responses to these types of requests, the plaintiff has not specifically identified these answers as areas of concern. In light of this silence, and the substantial period of time that passed between the filing of the defendant's responses and the filing of the instant motion to compel, I assume that the parties have resolved their differences with respect to these matters; I decline to order additional responses from the defendant concerning these matters.

## RELEVANCY

█ Rule 401, Federal Rules of Evidence, defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In view of this broad definition, I disagree with the defendant's assertion that all information requested by the plaintiff is irrelevant to the plaintiff's extant application for fees and

costs. The starting point for determining the amount of reasonable fees and costs pursuant to federal prevailing party statutes "is the number of hours reasonably expended on the litigation multiplied by a reasonable rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Defendant's counsel's hours and rates are relevant to this determination.

For instance, in its brief opposing the plaintiff's motion to compel, defendant's counsel characterizes the number of hours it expended on this case as "economical." What constitutes an "economical" number of hours with respect to this case is relevant, in my opinion, to the plaintiff's fee petition. Further, among twelve factors identified by the court of appeals for the ninth circuit as relevant in determining reasonable attorneys' fees is the novelty and difficulty of questions presented by the case. *See Kerr v. Screen Extras Guild,* 526 F.2d 67, 70 (9th Cir.1975). The number of hours recorded by defendant's lawyers in pursuing questions in this case certainly has some tendency to make more or less probable the plaintiff's contention on this factor. Moreover, "[e]ach party must prepare to question the same witnesses, must review the same documents and other evidence, and must anticipate a presentation by the opposition of a complexity related to the facts in issue. Similarly, work on pretrial motions would reflect what volume of work opposing attorneys deemed reasonable." *Stastny v. Southern Bell Telephone & Telegraph Co.,* 77 F.R.D. 662, 663–64 (W.D.N.C.1978). Thus the hours spent on this case, whether it be by the plaintiff's counsel *or* the defendant's counsel, is relevant information.

Defendant's counsel's hourly rate is similarly relevant to a determination of reasonable fees under *Hensley.* Determining what constitutes a reasonable rate requires, among other things, an examination of the community's prevailing hourly rate. *See Kerr, supra,* 526 F.2d at 70. *Accord Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); N.D. Cal. Local Rule 270–2(c) (requiring submission of a statement of "prevailing" hourly rate to support petition for fees). Thus, information regarding the prevailing hourly rate tends to make more or less probable the plaintiff's assertion on this point.

In the instant case, the hourly rates of defendant's counsel, a San Francisco law firm, should shed some light on the reasonableness of the plaintiff's trial counsel's rates because the latter attorneys are also members of a San Francisco law firm; defendant's hourly legal rates would appear to be germane to the question of the community standard.

Thus, I conclude that the hours expended by the defendant on matters pertaining to this case, counsel's hourly rates, as well as total billings and costs, are at least minimally relevant to the plaintiff's fees and costs petition.

Defendant's counsel argues that the number of hours necessary adequately to represent a defendant in a discrimination case typically exceeds the time required to represent a plaintiff. I am not persuaded that this contention precludes my finding of relevance. The defendant's considerations on this point may be significant in deciding what weight to give the evidence regarding its attorneys' fees and costs, but they do not render such evidence irrelevant.

### PRIVILEGE

Pursuant to Rule 26(b)(1), Federal Rules of Civil Procedure, even relevant evidence is not discoverable if such evidence is privileged. The defendant asserts, accordingly, that all information requested by the plaintiff is privileged pursuant to the attorney-client privilege and attorney work-product doctrine. This assertion is overbroad.

The court of appeals for the ninth circuit has held that the attorney-client privilege embraces attorney time, records and statements to the extent that they reveal litigation strategy and the nature of the services provided. "[B]ills, ledgers, statements, time records and the like which also reveal the nature of law, also should fall within

the privilege. On the other hand, a simple invoice requesting payment for unspecified services rendered reveals nothing more than the amount of the fee and would not normally be privileged...." *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982).

Plaintiff seeks "[a]ll documents which record the time expended by any attorney, house counsel, legal assistant, and/or paralegal on behalf of the defendants in this action...." *See* Document Request No. 1. Document Requests Nos. 2 and 3 also request all bills for legal services paid by or submitted to the defendant. Full compliance with these document requests would provide the plaintiff with the defendant's counsel's statement of fees and billing computer printouts. According to the affidavit of Attorney Bentley, the defendant, Continental Group, demands highly detailed itemizations of all work performed on its behalf; production of such bills and printouts would necessarily reveal the nature of legal services provided. These documents are, therefore, privileged under *In re Grand Jury Witness, supra.*

However, simply the number of hours billed, the parties' fee arrangement, costs and total fees paid do not constitute privileged information. *See, e.g., In re Osterhoudt*, 722 F.2d 591 (9th Cir.1983) (amounts and dates of payment of legal fees not privileged); *In re Grand Jury Proceeding*, 721 F.2d 1221 (9th Cir.1983) (fee arrangement not privileged); *United States v. Sherman*, 627 F.2d 189 (9th Cir. 1980) (amount of fees paid not privileged).

Accordingly, I direct defendants to serve and file complete responses to plaintiff's fourth set of interrogatories nos. 1, 2, 4, 5, and 6. However, I decline to order the defendant to respond to the plaintiff's fifth production of documents requests no. 1, 2 and 3, as production of these documents would reveal information protected by the attorney-client privilege.

Moreover, in the interest of economy of time and avoiding a protracted second litigation with respect to attorneys' fees, *see*

*Hensley, supra,* 461 U.S. at 437, 103 S.Ct. at 1941 ("A request for attorneys fees should not result in a second major litigation."), I will not order the defendant to submit the disputed documents to me for an *in camera* inspection. Indeed, the relevant and unprivileged information sought by the plaintiff will be adequately provided through the defendant's completed answers to the interrogatories referred to above.

## BURDENSOMENESS

In light of my determination regarding the nondiscoverability of the defendants billing sheets and computer printouts on time, I am satisfied that the discoverable information requested is not overly burdensome. The defendant is directed to respond to five fairly straightforward interrogatories. This is not an unduly burdensome demand.

Therefore, IT IS ORDERED that plaintiff's motion to compel discovery be and hereby is granted with respect to plaintiff's fourth set of interrogatories nos. 1, 2, 4, 5, and 6.

IT IS ALSO ORDERED that defendant serve and file its responses by November 10, 1986.

IT IS FURTHER ORDERED that plaintiff's motion to compel discovery be and hereby is denied with respect to plaintiff's fifth request for production of documents and plaintiff's fourth set of interrogatories no. 3.

IT IS FURTHER ORDERED that each party shall bear its own costs in connection with this motion.