**688**

**Marilis GONZALEZ CRESPO, Plaintiff,**

v.

**The WELLA CORPORATION, Defendant.**

**Civ. No. 89–1467 GG.**

United States District Court, D. Puerto Rico.

Aug. 23, 1991.

Judith Berkan, Urb. Hyde Park, Rio Piedras, P.R., Rosalinda Pesquera, Pesquera & Dávila, Hato Rey, P.R., for plaintiff.

Jorge L. Capó Matos, O'Neill & Borges, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

The issue before the court is whether the billing records of defendant's attorneys are discoverable. Defendant Wella Corporation ("Wella") and its Puerto Rico division assert that these materials are privileged under the attorney-client privilege.

### I. BACKGROUND

In this sex discrimination action, plaintiff Marilis González Crespo alleges that defendant Wella, plaintiff's former employer, through its agent Rafael Sotomayor, explicitly conditioned job benefits at Wella on acquiescence to sexual demands or threatened retaliation if his alleged demands were rejected. Plaintiff further alleges that Rafael Sotomayor rendered the work environment at Wella unreasonably offensive.

This discovery controversy arises from the employment by defendant Wella of Security Consultants, a private detective agency. In November, 1989, plaintiff brought this action. She was dismissed on January 28, 1991. In November and December 1990, more than a year following the filing of the complaint in this case, Miriam Santiago, a private investigator working with Security Consultants, conducted a surveillance of plaintiff's sales activities. Wella alleges that the investigation disclosed that plaintiff was not fulfilling her employment responsibilities and duties.

On June 17, 1991, plaintiff made two discovery requests, one to defendant Wella and the other to its division in Puerto Rico (U.B.S.). Essentially, the plaintiff seeks to obtain the billing records pertaining to the services of defendant's attorneys, O'Neill & Borges and Hunton & Williams, to both defendant Wella and its division in Puerto Rico, regarding the investigation of plain-

tiff conducted by Security Consultants.[1] According to plaintiff these documents would "presumably indicate the nature of the services rendered [and] are certainly relevant to the questions concerning the dismissal of Marilis González and whether the same was a retaliatory action for her having brought this case." (Plaintiff's Motion to Compel, at 11). Assuming plaintiff's version of the events leading to her dismissal, it seems that the attorneys for Wella were directly involved in plaintiff's termination.[2]

Defendant Wella alleges that it has produced the following documents regarding this matter: (1) the investigator's report and the investigative file, which included all the correspondence regarding the investigation; (2) the amounts charged for the investigator's services; (3) the date and times on which the investigator met with plaintiff's superior and Wella's attorneys; and (4) the contents of the conversations at such meeting.

## II. DISCUSSION

■ The attorney-client privilege protects both communications from the client to her attorney and those from the attorney to the client that would tend to reveal the client's confidence. *Cf. In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982) ("As a general proposition, the client's ultimate motive for litigation or for retention of an attorney is privileged."). The purpose of the attorney-client privilege is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public end and that such advice or advocacy *depends upon the lawyer being fully informed by the client.*

*Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981) (emphasis added).

■ Defendant Wella asserts that attorney's invoices and related documents are protected from disclosure by the attorney client privilege. Wella exaggerates the scope of the attorney-client privilege. The courts that have considered whether the attorney-client privilege applies to attorney bills and related documents have made a distinction between documents that reveal the nature of the services provided and those that merely reveal the amount of the fee paid, such as invoices. 695 F.2d at 362.[3]

Plaintiff admits that the records she seek to obtain go to the very heart of the nature of the services rendered by the attorneys for Wella and its Puerto Rico division.[4] Therefore, we are at a loss to understand how in the same breath she asserts that

---

1. Plaintiff seeks production of, *inter alia*, the following:
   1. Any and all documents, including but not limited to contracts, bills, invoices, check stubs, cancelled checks, ledger or other accounting entries, memos, and other documents, concerning payments to O'Neill & Borges and/or Jorge Capó and/or Pedro Delgado for services rendered in connection with the services provided to Wella Puerto Rico by Miriam Santiago and/or Security Consultants and Investigative Firm, from 1990 to the present;
   2. Any and all documents, including but not limited to contracts, bills, invoices, check stubs, cancelled checks, ledger or other accounting entries, memos, and other documents, concerning payments to James Naughton and/or Hunton & Williams for services rendered in connection with the services provided to Wella Puerto Rico by Miriam Santiago and/or Security Consultants and Investigative Firm, from 1990 to the present.

2. Wella vigorously disputes plaintiff's version of the decision to investigate and of the nature of the investigation conducted by Security Consultants.

3. In fact, some courts have stated that in exceptional circumstances general fee information "may nevertheless be privileged." *Matter of Witnesses Before Sp. March 1980 Gr. Jury*, 729 F.2d 489, 491 (7th Cir.1984).

4. We reject plaintiff's assertion that attorney Naughton could not assert the attorney-client privilege with regard to Wella's division in Puerto Rico. It is clear that the division has (1) sought Naughton's advise; (2) that in connection with this law suit, Naughton acted as a lawyer; (3) that the communication between Wella's division and Naughton were "for the purpose of securing a legal opinion, legal services or assistance in a legal proceeding; and (4) that the privilege has not been waived." *U.S. v. Wilson*, 798 F.2d 509, 512 (1st Cir.1986).

these documents reveal the "nature of the services rendered" and that these documents are not privileged material. *See Matter of Witnesses Before Sp.*, 729 F.2d at 495 ("[B]illing sheets or time tickets which indicate the nature of documents prepared, issues researched or matters discussed could reveal the substance of confidential discussions between attorney and client"); *In re Grand Jury Witness*, 695 F.2d at 362 ("[B]ills, ledgers, statements, time records and the like which reveal the nature of the services provided, such as researching particular areas of law, also should fall within the privilege"); *U.S. v. Sherman*, 627 F.2d 189, 192 (9th Cir.1980) (consultations for which attorney was paid are protected under the attorney-client privilege).[5]

Even in the face of more compelling reasons for disclosure, courts have routinely rejected demands to produce bills for legal services that revealed the nature of the work performed. To illustrate, in *Real v. Continental Group, Inc.*, 116 F.R.D. 211 (N.D.Cal.1986), the district court considered whether the defendant's attorney had to produce certain information concerning the number of hours, hourly rates and bills and costs incurred by the defendant in an age discrimination suit. The dispute centered on the amount of attorney's fees that the plaintiff sought to recover after judgment was entered in its favor; the plaintiff sought the billing information to demonstrate that its attorney's fees request was reasonable. Although judgment in the age discrimination suit had been entered in plaintiff's favor and therefore the litigation was practically finished, the district court found that the itemized bills for legal services performed for the defendant were privileged material.[6]

We find that in the circumstances of this case the information that plaintiff seeks is privileged because in effect it would reveal confidential communications between defendant Wella and its attorneys. It is clear that plaintiff is seeking to discover more than just the amount, date and form of fees paid by defendant Wella to its attorneys. *See, e.g., Tornay v. U.S.*, 840 F.2d 1424 (9th Cir.1988) (attorney-client privilege is not applicable to expenditures for legal services). Although some courts have asserted that when a party asserts the attorney-client privilege the proper procedure is to submit the documents at issue for *in camera* inspection,[7] we find that in this case this procedure would be superfluous, particularly since plaintiff has stated that she is not interested in the amount of the charges for the services of defendant's attorneys.

## III.  CONCLUSION

In view of the foregoing reasons, we need not reach defendant's argument that the billing material are qualified under the work-product rule.  Fed.R.Civ.P. 26(b)(3). Plaintiff's motion to compel is hereby DENIED.

SO ORDERED.

---

5.  We are surprised that defendant failed to move for attorney's fees and costs regarding this matter. In this bitterly fought contest, this court has not hesitated to impose sanctions against any party which is found to have unnecessarily duplicated the proceedings with litigation tactics that have no legal foundation. 28 U.S.C. § 1927; *see* our previous Orders. As further explicated in this Opinion, we find that plaintiff failed to properly research the legal basis for her motion to compel. Nevertheless,

the court will not henceforth consider a motion by Wella for attorneys' fees and costs regarding this matter.

6.  The court, however, noted that information regarding the number of hours billed, the fee arrangement and the total fees paid did not constitute privileged information.

7.  *In re Grand Jury Witness*, 695 F.2d at 362; *Matter of Witness Before Sp.*, 729 F.2d at 495.