UNITED STATES of America, Plaintiff,

v.

KEYSTONE SANITATION COMPANY, INC.; Kenneth F. Noel, Individually and f/d/b/a Keystone Sanitation Company; Anna M. Noel, Individually and f/d/b/a Keystone Sanitation Company; Arcata Graphics Fairfield, Inc.; C & J Clark, America, Inc.; The Esab Group, Inc.; The Genlyte Group, Inc.; Hanover Bronze and Aluminum Foundry, Inc.; Kemper Industries, Inc.; R.H. Sheppard Company, Inc.; and SKF USA, Inc., Defendants,

v.

ADVANCED DISPOSAL SERVICE, et al., Third-party Defendants.

Civ. A. No. 1:CV–93–1482.

United States District Court, M.D. Pennsylvania.

Oct. 19, 1994.

Order Denying Reconsideration Jan. 13, 1995.

■■■■■■

Robert R. Long, Jr., Asst. U.S. Atty., Lewisburg, PA, Myles E. Flint, Acting Asst. Atty. Gen., Environment & Natural Resources Div., U.S. Dept. of Justice, Lynn Penman, Environmental Enforcement Section, U.S. Dept. of Justice, Daniel R. Dertke, U.S. Dept. of Justice, Environ. & Natural Resources Div., Robin L. Juni, U.S. Dept. of Justice, Environ. & Natural Resources Div., Bernice I. Corman, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, for plaintiff U.S.

Robert B. Hoffman, Franklin L. Kury, Reed Smith Shaw & McClay, Harrisburg, PA, for defendants Keystone Sanitation Co., Inc., Kenneth F. Noel and Anna M. Noel, fdba Keystone Sanitation Co.

Lewis S. Kunkel, Jr., Donna Louise Fisher, Pepper, Hamilton & Scheetz, Harrisburg, PA, William D. Wick, Crosby, Heafey, Roach & May, Oakland, CA, Shelley Lorenzen, San Francisco, CA, Loretta A. Cahill, H. Hamilton Hackney, III, Daniel J. Dunn, Holme, Roberts & Owen, LLC, Denver, CO, for defendant Arcata Graphics Fairfield, Inc.

Kenneth R. Myers, Morgan, Lewis & Bockius, Philadelphia, PA, Brian J. Clark, Amy L. Donohue–Babiak, Morgan, Lewis & Bockius, Harrisburg, PA, for defendant C & J Clark America, Inc.

John P. Krill, Jr., Joel Robin Burcat, Craig P. Wilson, Kirkpatrick & Lockhart, Harrisburg, PA, for defendants ESAB Group, Inc., Arcata Graphics Fairfield Inc., C & J Clark America, Inc., The Genlyte Group, Inc., Hanover Bronze and Aluminum Foundry, Inc., R.H. Sheppard Co., Inc., and SKF USA, Inc.

DeAnne Ayers–Howard, Washington, DC, Richard J. Bindelglass, Secaucus, NJ, Donald J. Patterson, Jr., Beveridge and Diamond, P.C., Washington, DC, for defendant Genlyte Group, Inc.

Jack Wilmer, Jr., John W. Wilmer, Jr., Vorys, Sater, Seymour and Pease, Washington, DC, for defendant Hanover Bronze and Aluminum Foundry, Inc.

Carol Forti, Washington, DC, Drake C. Zaharris, Hodes, Ulman Pessin & Katz, P.A., Towson, MD, for defendant Kemper Industries, Inc.

Robert E. Scott, Robert E. Scott, Jr., Philip T. Hundemann, Semmes, Bowen & Semmes, Baltimore, MD, for defendant R.H. Sheppard Co., Inc.

Michael A. Bogdonoff, Douglas A. Holmberg, Lois Reznick, Dechert, Price & Rhoads, Philadelphia, PA, for defendant SKF USA, Inc.

John P. Krill, Jr., Kirkpatrick & Lockhart, Harrisburg, PA, for defendants Arcata Graphics Fairfield, Inc., C & J Clark America, Inc., The ESAB Group, Inc., The Genlyte Group, Inc., Hanover Bronze and Aluminum Foundry, Inc., R.H. Sheppard, Co., Inc., and SKF USA, Inc.

Thomas W. Scott, Killian & Gephart, Harrisburg, PA, Michael A. Bogdonoff, Douglas A. Holmberg, Dechert, Price & Rhoads, Philadelphia, PA, Daniel J. Dunn, Laurie A. Cahill, Holme, Roberts & Owen, LLC, Denver, CO, for defendants Arcata Graphics Fairfield, Inc., C & J Clark, America, Inc., The ESAB Group, Inc., The Genlyte Group, Inc., Hanover Bronze and Aluminum Foundry, Inc., Kemper Industries, Inc., R.H. Sheppard, Inc. and SKF USA, Inc.

Loretta A. Cahill, Daniel J. Dunn, Matthew J. Lepore, Holme, Roberts & Owen, LLC, Denver, CO, for defendant Quebecor Printing Fairfield Inc.

Susan E. Schwab, Charles E. Gutshall, Rhodes and Sinon, Harrisburg, PA, Robert L. McQuaide, Swope Heiser & McQuaide, Gettysburg, PA, for Biglerville Borough.

## *MEMORANDUM AND ORDER*

RAMBO, Chief Judge.

### *Introduction*

Before the court is correspondence addressed to the court from counsel for Keystone Sanitation Company, Inc., Kenneth F. Noel, and Anna M. Noel (the "Keystone Defendants") and counsel for Arcata Graphics

Fairfield, Inc., regarding a discovery dispute. It is the court's understanding that Arcata is acting in this discovery dispute on behalf of itself and C & J Clark, America, Inc., The Esab Group, Inc., The Genlyte Group, Inc., Hanover Bronze and Aluminum Foundry, Inc., Kemper Industries, Inc., R.H. Sheppard Company, Inc., and SKF USA, Inc. (collectively the "Generator Defendants"). The court will treat the letters as a motion to compel submitted by the Generator Defendants.

The Generator Defendants raised concerns in the past that the Keystone Defendants have been involved in an effort to dispose of their assets in order to avoid paying their share of any liability imposed in this CERCLA litigation. The Generator Defendants requested that the Keystone Defendants produce all documents related to their transfer of assets since the Environmental Protection Agency began its investigation of the Keystone Site in 1990. As part of that production, they requested any attorneys' billing statements that address this area of information, without the redaction of the names of attorneys or the narrative of the legal services provided. The Keystone Defendants argue that the narrative and identities of attorneys in billing statements are protected by the attorney-client and work product privilege. The Generator Defendants respond that the Keystone Defendants waived any privilege by including in a prior document production internal electronic mail printouts from their attorneys showing that attorneys were providing the Keystone Defendants with legal advice as to how to take their assets out of the corporation.

The documents that give rise to the Generator Defendants' claim of waiver were produced in response to the court's August 26, 1994, order, which addressed the Keystone Defendants' refusal to provide information relevant to the disposition of their assets since 1990. The court's order directed each of the Keystone Defendants to respond without further delay to all requests aimed at discovering information about the sale, trans-

fer, or other disposition of their assets since 1990, and about the individual (Noel) Keystone Defendants' financial dealings with Keystone. The order also directed the Keystone Defendants that, should they claim any privilege, they should submit to the Generator Defendants and the court a detailed statement of privilege.

The two documents alleged to have been inadvertently disclosed are electronic mail messages from one attorney servicing the Keystone Defendants to others. One states: "I see out [sic] major goal, apart from defending the environmental liability claims, is to encourage the Noels to take as much out of the corporation as they legitimately can do." Another e-mail contains a message stating that Florida law exempts a principal residence from levy by creditors in an unlimited amount. The court understands the argument to be that since this category of information has been disclosed, to the extent the same category of information is contained in the narrative of billing statements, any privilege has been waived.

***Discussion***

■ As a preliminary matter, there is general agreement that attorney billing statements and time records are protected by the attorney-client privilege *only* to the extent that they reveal litigation strategy and/or the nature of services performed. *See, e.g., Gonzalez Crespo v. The Wella Corp.,* 774 F.Supp. 688, 690 (D.P.R.1991); *Colonial Gas Co. v. Aetna Cas. & Sur. Co.,* 144 F.R.D. 600, 607 (D.Mass.1992); *Real v. Continental Group, Inc.,* 116 F.R.D. 211, 213–14 (N.D.Cal.1986). Thus, statements and records that simply reveal the amount of time spent, the amount billed, and the type of fee arrangement between attorney and client are fully subject to discovery. *Real v. Continental Group, Inc.,* 116 F.R.D. at 214. Here, of course, the Generator Defendants are interested precisely in the narrative and identities of attorneys and, therefore, the billing statements as they wish them to be produced would be protected by the attorney-client privilege, absent a waiver.[1]

---

1. Lying somewhere between the hours performed and the narrative of services performed is the issue of the names of attorneys performing

services. The court will not reach the issue, however, in light of its decision on the waiver issue.

■ The Keystone Defendants claim that the documents at issue were disclosed inadvertently. Inadvertent disclosure may or may not require a finding of waiver, but it becomes more appropriate when the documents at issue were produced pursuant to Federal Rule of Civil Procedure 34. *See O'Leary v. Purcell Co.*, 108 F.R.D. 641, 646 (M.D.N.C.1985); *Advanced Med., Inc. v. Arden Med. Sys., Inc.*, Civ. No. 87–3059, 1988 WL 76128 at *2 (E.D.Pa. July 18, 1988). Many courts use the following factors to determine whether a document has lost its privilege through inadvertent disclosure: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) any delay and measure taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be served by relieving a party of its error. *Advanced Med., Inc. v. Arden Med. Sys., Inc., supra*, at *2 (collecting cases). The court views this waiver analysis as applying both to attorney-client and work product protection.

■ Addressing the first prong of the waiver analysis, the court notes that the Keystone Defendants produced the documentation without further contact with the court. Although they now complain that it was and continues to be a massive production, the court set no immediate deadline for completion of that particular production and the Keystone Defendants did not request additional time to review the documents before they began production so that they could devise a statement of privilege. Given these circumstances, the court finds that the precautions taken were not reasonable.

As to the number and extent of disclosures, although there were only two documents revealing that attorneys were advising the Keystone Defendants on the disposition of assets, the extent of disclosure in these documents is complete. The question the Generator Defendants want to have answered is whether the Keystone Defendants have removed assets to avoid CERCLA liability. They have questioned the purpose of the sale of Keystone's assets to Waste Management, Inc., and the disposition of the proceeds of that sale. They have also questioned the Noel's purchase of a home in Florida. In short, the inadvertently disclosed documents plainly allude to information pertinent to whether attorneys were assisting the Keystone Defendants to execute a calculated removal of assets from the reach of creditors (including the government), and that is precisely the type of information sought from the billing and time statements of the Keystone Defendants' attorneys. Thus, the second and third factors weigh in favor of a finding of waiver.

The court does not find that the fourth factor, the issue of delay or measures taken to rectify the inadvertent disclosure, is significantly implicated in this case. The document production was ordered on August 26, 1994, and the parties appear to have been arguing the waiver question since early September.

The last factor, however, weighs squarely in favor of waiver. As the court indicated in its August 26, 1994, memorandum and order, the primary goal of CERCLA is to ensure that liable parties bear their fair shares of the costs of environmental clean-up. To preclude discovery as to whether principal potentially responsible parties are or were engaged in the deliberate dissipation of assets for the purpose of avoiding a share of liability runs directly counter to that goal. To do so based upon a claim of privilege, when there has been an inadvertent disclosure of documents suggesting that this is the case, runs counter to the interests of justice.

The balance of these factors weighs in favor of holding that the Keystone Defendants have waived any privilege that may have protected their attorneys' billing statements from disclosure with respect to the narrative of services and identities of attorneys performing services. The court does not mean to say that the Keystone Defendants must produce all attorney billing statements in unredacted form, but only those related to the disposition of assets.

Accordingly, **IT IS HEREBY ORDERED THAT:**

(1) The Keystone Defendants shall produce all attorney billing statements related to legal services provided with respect to the transfer of assets as defined in paragraph (1) of the court's August 26, 1994, memorandum and order;

(2) The billing statement produced in accordance with paragraph 1, above, shall *not* be redacted to remove the names of attorneys performing services for the Keystone Defendants or the narrative of services performed.

### ORDER

This order will dispose of two matters now before the court. The first is the motion of the Keystone Sanitation Company, Kenneth F. Noel, and Anna M. Noel (the "Keystone Defendants") requesting reconsideration of the court's October 19, 1994, memorandum and order directing limited production of the billing memoranda of their attorneys. The focus of the brief filed by the Keystone Defendants in support of the motion for reconsideration is that the documents produced, upon which the court relied to hold that there had been a limited waiver of the attorney/client privilege, were not privileged in the first place. The court does not agree with the Keystone Defendants' position in this matter. The court's reasoning is set forth in full in its memorandum of October 19, and will not be repeated herein. To the extent that clarification may assist the parties with respect to this issue, the court offers the following.

■ Attorney billing memoranda are not privilege *per se*. They are privileged, as the parties well understand, *only* to the extent that they reveal litigation strategy and/or the nature of services performed. Thus, it is the actual content of the document, rather than the type of document, that is privileged. It does not matter whether the document was sent to the client, or to, say, an expert witness involved in the representation, or to another attorney in the firm. If it contains information that would reveal litigation strategy or the nature of counsel, it is protected. With this understanding, the court looked at the documents that were inadvertently disclosed, which were not billing memoranda, but were communications between attorneys representing the Keystone Defendants, determined that the Keystone Defendants' had inadvertently disclosed a particular category of information, and held that to the extent the content of the billing memoranda included that category of information, the Keystone Defendants had waived the attorney/client privilege as to that content only.

■ The Keystone Defendants now assert that the documents that were inadvertently disclosed were not privileged because they were not sent to the client and, therefore, their disclosure to the Generator Defendants cannot operate to waive a privilege as to the narrative portions of the billing memoranda, which are privileged. This argument is untenable. Suppose the Generator Defendants had requested all electronic mail messages between the attorneys representing the Keystone Defendants, which contained any reference to the disposition of Keystone assets. It is a virtual certainty that the Keystone Defendants would have refused on the grounds that the documents contained privileged communications regarding advice given to their clients. Thus, their current assertion that the disclosed documents were not privileged in the first place is not well taken.

The court has carefully reviewed its application of the factors pertinent to whether a privilege has been waived on the grounds of inadvertent disclosure. The decision was a difficult one, in the first place, but upon review, the court finds itself constrained to adhere to its prior ruling. The court reiterates that the Generator Defendants are entitled to discover only those portions of the narrative statements of attorney billing memoranda that relate to the disposition of the assets of the Keystone Sanitation Company and the Noels.

■ While this memorandum was in the drafting process this day, the court received a telephone call from the parties, who were in the process of deposing Anna Noel for the upcoming preliminary injunction hearing. Counsel for the Generator Defendants had posed a question to Anna Noel regarding communications between her and her accountant, which the court understands was to lead

to questions concerning the disposition of the assets of Keystone and the Noels. Counsel for the Keystone Defendants raised the accountant/client privilege under Pennsylvania statutory law. The court ruled in the telephone conference that there is no federal accountant/client privilege, and that because this case is before the court on a federal question, the federal common law, and not Pennsylvania's statutory law of privilege applies. Counsel for the Keystone Defendants argued that the privilege in this case has been asserted only with respect to a state law claim (the fraudulent conveyance claim, which has yet to be filed, and which is the subject of the very recent motion to amend the complaint). The court does not believe, first, that the privilege is asserted only with respect to a state law claim. As the court has previously held, it is authorized to enjoin the disposition of assets in appropriate circumstances in a case brought under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA). Second, even if the privilege were asserted only with respect to a pendent state law claim, Pennsylvania's law of privilege would not preempt the federal law of privilege.

■ The court relies upon the following cases for its decision on this accountant/client privilege question: *United States v. Arthur Young & Co.*, 465 U.S. 805, 817, 104 S.Ct. 1495, 1502–03, 79 L.Ed.2d 826; *Couch v. United States*, 409 U.S. 322, 335, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973); *Wm. T. Thompson v. General Nutrition Co.*, 671 F.2d 100, 103–04 (3d Cir.1982). The court also reviewed several recent cases from the district courts of this Circuit. It is apparent from the case law that when a federal and state claim are tried together in federal court, if claim of privilege is raised only in reference to the state claim, the federal law of privilege applies.

In today's conference call, the parties also raised the issue of the questioning of Anna Noel regarding her communications with the Keystone Defendants' attorneys regarding disposition of assets. The court explained in the conference call that it had reached the decision to adhere to its prior ruling on the limited obligation to produce the billing memoranda containing this type of informa-

tion. In light of that ruling, the court instructed the parties that the attorney/client privilege has also been waived, in the same limited fashion, with respect to the questioning of Anna Noel. In other words, information regarding her attorneys' assistance or advice to her regarding the disposition of Keystone Sanitation Company and personal assets after the onset of the CERCLA investigation that led to this action is now discoverable. Counsel for the Keystone Defendants advised the court of its intention to seek a Writ of Mandamus with respect to this ruling (and presumably, the order to produce the billing memoranda), and requested the court to stay the ruling. The court will do so.

Accordingly, **IT IS HEREBY ORDERED THAT:**

(1) The motion of the Keystone Defendants' for reconsideration of the court's October 19, 1994 ruling is **DENIED;**

(2) The Keystone Defendants may not refuse to answer questions regarding the disposition of Keystone assets and the assets of the Noels based upon attorney/client or accountant/client privilege; and

(3) The court will stay the order *only* with respect to the ruling on the attorney client privilege to afford the Keystone Defendants the opportunity to petition the Third Circuit Court of Appeals for a Writ of Mandamus on this issue.