**LECTROLARM CUSTOM SYSTEMS, INC., Plaintiff,**

v.

**PELCO SALES, INC., et al., Defendants.**

**No. CIV.F 01–6171 OWW DLB.**

United States District Court,
E.D. California.

Oct. 18, 2002.

William Thomas McLaughlin, II, Dowling Aaron and Keeler, Fresno, CA, Gary M. Hoffman, Gianni Minutoli, Laurence E. Fisher, Paul R. Lucey, Kenneth W. Brothers, Pro Hac Vice, DeAnna Allen, John Charles Snodgrass, Gabriel Assaad, Pro Hac Vice, Dickstein, Shapiro, Morin and Oshinsky, Washington, DC, for Lectrolarm Custom Systems Inc.

Steven E. Paganetti, Wild, Carter and Tipton, Fresno, CA, David R. Atkinson, Nicole Nugan, George S. Lemieux, Pro Hac Vice, Robert S. Hackleman, Pro Hac Vice, Daniel Thomas, Pro Hac Vice, Gunster, Yoakley and Stewart, West Palm Beach, FL, Scott W. Dangler, Jennifer B. Ramach, Pro Hac Vice, Gunster, Yoakley and Stewart, Alan Weisberg, Christopher Weisberg and Crush PA, Ft. Lauderdale, FL, Jeffery I. Frey, Pro Hac Vice, Howrey, Simon, Arnold & White, Washington, DC, for Pelco Sales Inc., Freedom Acquisition, Freedom Acquisitions, Inc., Security Sales LLC.

## FURTHER ORDER RE LECTROLARM'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ORDER RE FIREMAN'S FUND'S RULE 37 MOTION FOR PROTECTIVE ORDER (DOCS 203, 215)

BECK, United States Magistrate Judge.

On May 28, 2002, third party insurer Fireman's Fund Insurance Company ("Fireman's Fund") filed the present motion for a protective order excusing compliance with a subpoena served by plaintiff Lectrolarm Custom Systems, Inc. ("Lectrolarm"). The motion was heard on June 7, 2002, before the Honorable Dennis L. Beck, United States Magistrate Judge. Attorneys Kenneth Brothers, Gary Hoffman and William McLaughlin appeared for Lectrolarm. Attorney Michael Marcil appeared for defendants Pelco Sales, Inc., Freedom Acquisitions, Inc. and Security Sales, LLC.'s (collectively "Pelco") and attorney Paul Glad appeared for Fireman's Fund.

### *FACTUAL BACKGROUND*

Lectrolarm, a Tennessee corporation, designs and installs surveillance systems. Pelco, a partnership, manufactures and supplies video surveillance equipment. Since at least 1990, Lectrolarm has used the trademark SPECTOR to identify a patented pan and tilt security camera system which is at the center of this lawsuit. These cameras are used at retail, industrial, military, correctional and other sites that require remote monitoring. The cameras are mounted in a way that may be rotated in a horizontal direction (panned) or a vertical direction (tilted).

Lectrolarm contends that after the introduction of the SPECTOR system, Pelco purchased and reversed engineered one of Lectrolarm's patented SPECTOR pan and tilt systems and knowingly and wilfully copied its design. Lectrolarm sues Pelco for patent infringement (including willful infringement), federal unfair competition under the Lanham Act, trademark cancellation, state statutory dilution, common law trademark infringement, and common law unfair competition.

Fireman's Fund is Pelco's liability insurer and is defending Pelco subject to a reservation of rights. **Section IV** of the insurance policy issued to Pelco by Fireman's Fund during the relevant time period, contains the "Commercial General Liability Conditions" and the "Duties in the Event of an Occurrence, Offense Claim or Suit." Subsection "c" of this portion of the policy states:

**c. You and any other involved insured must:**

(1) immediately send us copies of any demands notices summonses or legal papers received in connection with the claim or suit;

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the suit; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

Accordingly, during the course of this litigation and to ensure compliance with the provisions of their policy, Pelco has necessarily

provided Fireman's Fund with information to permit Fireman's Fund to evaluate settlement and participate in the ongoing defense.

On April 3, 2002, Lectrolarm propounded a third set of document requests upon Pelco. Request No. 70 sought production of:

> All documents that set forth, refer or relate to communications, meetings, contacts or other dealings between Pelco, directly or through its attorneys or other parties and Fireman's Fund Insurance Company concerning this lawsuit, Lectrolarm, the '088 patent, SPECTOR mark and/or the SPECTRA mark.

On May 23, 2002, Lectrolarm served a subpoena on Fireman's Fund which sought the same information:

> All documents that set forth, refer or relate to communications, meetings, contacts or other dealings between Pelco, directly or through its attorneys or other parties and Fireman's Fund Insurance Company concerning this lawsuit, Lectrolarm, the '088 patent, SPECTOR mark and/or the SPECTRA mark.

In responding to Request No. 70, Pelco objected to the request as overly broad, irrelevant and seeking documents or information protected by the attorney-client privilege and the work product doctrine.

On May 10, 2002, Lectrolarm filed the present motion to compel production of documents. The motion sought production of documents related to request numbers 70 and 74. A partial order on the motion which dealt with request number 74 was entered by the Court on June 10, 2002. The Court took the motion under submission with regard to Request Number 70.

On May 28, 2002, Fireman's Fund filed a motion for Protective Order excusing their compliance with the subpoena also arguing that the documents requested are protected by the attorney-client privilege and the work product doctrine. The Court also took this motion under submission and now issues its order on Fireman's Fund's motion for protective order and Lectrolarm's motion to compel further response to request number 70.

In support of the protective order and in opposition to the motion to compel, Pelco and Fireman's Fund argue that the requested documents reflect candid analysis of the factual and legal issues in the case as well as the risk of exposure presented by Lectrolarm's claims. Further, Pelco and Fireman's Fund argue that with respect to the defense of this action, their interests are aligned and therefore no waiver is created by the disclosure of privileged documents to Fireman's Fund. Fireman's Fund asserts that production of the documents would have a chilling effect on cases where litigation and settlement is funded by insurance in that there can be no meaningful exchange of information with respect to case strategy or settlement value if there is a concern that such information is subject to production to the opposing party. Pelco and Fireman's Fund argue that all communication and sharing of privileged documents was done by Pelco with the express understanding that they would be maintained in confidence as to any third parties and in fact California Civil Code Section 2860 provides that waiver does not result from such disclosure. Pelco asserts that documents were provided to Fireman's Fund at their request pursuant to the "cooperation clause" contained in their policy and Civil Code Section 2860. In addition, Pelco asserts that Fireman's Fund represented that there would be no waiver of privilege based on the same.

In support of their motion to compel and in opposition to the motion for protective order, Lectrolarm argues that Pelco and Fireman's Fund do not share a common interest sufficient to shield the totality of their communications from Lectrolarm based upon the attorney client privilege. In addition, Lectrolarm argues that even if there is a "common interest" with respect to the litigation, there are still plainly non-privileged materials that must be produced such as claim notification letters and letters requesting or supplying non-privileged information.

## DISCUSSION

### A. Lectrolarm's Request for Production of Documents No. 70

■ Because this Court's subject matter jurisdiction is based on a federal question,

federal law governs disposition of the issues presented by the present motions. *See* Fed. R.Evid. 501[federal law governs the availability and scope of the attorney-client privilege in non-diversity actions]; *see also United States v. Zolin,* 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989); *Ace Oil Co. v. Great American Surplus Lines Ins. Co.,* 120 F.R.D. 533, 539 (E.D.Cal.1988).

Federal Rule of Civil Procedure 26(b)(1) provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ..." Discovery otherwise permitted under the Rules may be limited by the Court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable by another source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R.Civ.P. 26(b)(2).

During the course of this action, Lectrolarm has propounded numerous requests to produce documents and interrogatories to Pelco and has deposed virtually all of Pelco's employees with any relevant information whatsoever. Notwithstanding the broad nature and extent of such discovery, Lectrolarm now asks the Court to enforce yet another far reaching document request. However, the request which is the subject of the current motion goes beyond what even Lectrolarm has done before. By this request, Lectrolarm seeks to obtain "all documents" relating to communications between Pelco and their liability insurance carrier—a carrier that is actively involved and paying at least of a portion of the costs of defense of this action. As discussed more fully below, the Court finds that Lectrolarm's request is unreasonable, duplicative, overly broad and propounded for the improper purpose of harassment and obtaining information to which Lectrolarm is clearly not entitled.

As noted, Fireman's Fund is paying at least a portion of Pelco's costs of defense under a reservation of rights. In such a situation, Pelco is entitled to and has obtained independent counsel or *Cumis* Counsel. *See San Diego Navy Federal Credit Union v. Cumis Ins. Society, Inc.,* 162 Cal. App.3d 358, 208 Cal.Rptr. 494 (1984).[1] The California Legislature has recognized the inherent tension in a *Cumis* counsel situation. Under California Civil Code Section 2860:

> When independent counsel has been selected by the insured, it shall be the duty of that counsel and the insured to disclose to the insurer all information concerning the action except privileged materials relevant to coverage disputes, and timely to inform and consult with the insurer on all matters relating to the action. Any claim of privilege asserted is subject to in camera review in the appropriate law and motion department of the superior court. *Any information disclosed by the insured or by independent counsel is not a waiver of the privilege as to any other party.* (Emphasis added).

In addition, Pelco's policy specifically requires the disclosure of requested information regarding claims as a condition of coverage. Accordingly, in keeping with its duties under their policy and Civil Code Section 2860 and relying on section 2860(d)'s assurance of privilege, Pelco has communicated with Fireman's Fund and their attorneys concerning any number of things including but not limited to Lectrolarm's claims, the facts disclosed by discovery, Pelco's potential liability, probability of success, possible range of damages, etc. In doing so, Pelco understandably assumed that the communications were confidential and would not be

---

1. Under *San Diego Navy Federal Credit Union v. Cumis Ins. Society, Inc.,* 162 Cal.App.3d 358, 208 Cal.Rptr. 494 (1984), an insured has a right to be provided independent counsel by the carrier when a conflict of interest exists between the insured and the carrier. California courts have upheld the validity of the *Cumis* decision, and the substantive elements of *Cumis* have been codified in California Civil Code Section 2860.

disclosed to third parties and certainly not to Lectrolarm. Pelco's expectation was reasonable given Civil Code Section 2860 and Fireman's Fund's representations. Pelco was faced with the "decision" to either provide the information to Fireman's Fund or face denial of defense and coverage for failure to cooperate.

Indeed, given the nature of the relationship between Fireman's Fund and Pelco, the content of the communications is far more likely to contain summaries, analysis, mental impressions and conclusions of Pelco's counsel than factual information relating to the underlying claims. Such information is traditionally protected as attorney work product under Federal Rule of Civil Procedure 26(b)(3) and not discoverable. Moreover, opinions of counsel about the claims or theories of coverage are not relevant to prove any of the claims or defenses in this action.

Furthermore, to the extent that Pelco may have communicated purely factual information relating to the claims, the Court is confident that such information has already been discovered by the broad reach of the discovery already conducted by Lectrolarm in this action. This leads the Court to the conclusion that Lectrolarm has propounded this broad request seeking all documents which could possibly have anything to do with this action not to obtain factual information about the matters at issue but rather to discover the thoughts, opinions and strategy of its opponent in this litigation. The Court cannot and will not tolerate such tactics. Lectrolarm's request for production of documents is overly broad, burdensome and to the extent that any non-privileged information exists, it is cumulative of other discovery conducted by Lectrolarm. Pelco reasonably expected that the communications with Fireman Fund's would remain confidential and provided the information to Fireman's Fund as a requirement of coverage. To order discovery in such a situation would not only be inequitable, it would create a wedge between the insured and its carrier that would have negative impact far beyond this case. For these reasons and pursuant to Rule 26(b)(2), the Court denies Lectrolarm's motion to compel.

## B. The Attorney Client Privilege and the Insurer/Insured Relationship.

Although the Court has determined that Lectrolarm's motion to compel must be denied based on the request itself, the Court will address the parties' arguments relating to the attorney client privilege and the insurer/insured relationship because the issue is likely to resurface in this action.

■ The attorney client privilege protects confidential communications between a client and an attorney from disclosure when it is "necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney." *See Clarke v. American Commerce Nat'l Bank,* 974 F.2d 127, 129 (9th Cir.1992). The Supreme Court has stated, "As a practical matter, if the client knows that damaging information could more readily be obtained from the attorney following disclosure than from himself in the absence of disclosure, the client would be reluctant to confide in his lawyer and it would be difficult to obtain fully informed legal advice." *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).

■ Federal courts have never recognized a blanket privilege regarding insured-insurer communications. *See Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. RTC,* 5 F.3d 1508, 1514–1515 (D.C.Cir.1993); *see also Durkin v. Shields,* 167 F.R.D. 447, 451 (S.D.Cal.1995). Where an insurer has agreed that it has a duty to defend and to indemnify its insured, they are both clients of the lawyer. The lawyer is retained to defend both in the underlying action and the attorney client privilege applies to protect communications between the lawyer and the insurer. However, where, as here, the insurer defends under a reservation of rights, denying the duty to indemnify on some or all claims, the attorney represents only the insured on the denied claims. In such a situation, *Cumis* counsel is retained by the insured, not the insurer and no attorney client relationship exists between the insurer and *Cumis* counsel. There exists in this situation an inherent tension between the carrier's interests and the interests of the insured. Thus, the attorney client relationship, the first and

most important element of the attorney client privilege, is missing between *Cumis* counsel and the insurer. Nor can it be accurately said that the insurer is a necessary party to communications between *Cumis* counsel and the insured. Finally, in general, it is not likely that communications between the insurer and *Cumis* counsel would be for the purpose of giving or receiving legal advice because in such a case (where coverage is disputed) each is likely to have their own attorney just as Pelco and Fireman's Fund do here. Accordingly, communications between Pelco and Fireman's Fund are not privileged per se.

■ However, notwithstanding that communication between Pelco and Fireman's Fund is not in and of itself privileged, the Court finds that as to the underlying lawsuit, there is a "common interest" between Pelco and Fireman's Fund and therefore disclosure of privileged information by Pelco to Fireman's Fund does not waive the attorney client privilege or the work product doctrine.

Generally, disclosure of otherwise privileged communication to a third party waives the attorney client privilege and/or the attorney work product privilege. *See Samuels v. Mitchell,* 155 F.R.D. 195, 199. However, a line of cases beginning with *United States v. Kovel,* 296 F.2d 918, 922 (2nd Cir.1961), has recognized that the attorney-client privilege is not automatically waived if an otherwise privileged document is disclosed to a third party. The most common situation in which disclosure occurs without waiver is where parties have a common interest. The existence of a common defense allows the parties and counsel allied in that defense to disclose privileged information to each other without destroying the privileged nature of those communications. *See United States v. Schwimmer,* 892 F.2d 237, 243 (2d Cir.1989); *Griffith v. Davis,* 161 F.R.D. 687, 692 (C.D.Cal.1995); *see also United States v. American Tel. & Tel.Co.,* 642 F.2d 1285, 1299 (D.C.Cir.1980)[no waiver of attorney work product where the third party shares a common interest with the disclosing party which is adverse to that of the party seeking discovery]; *Minnesota School Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau,* 183 F.R.D. 627, 631 (N.D.Ill.1999). This "common defense doctrine" also referred to as the "joint defense privilege" expands the application of the privileges to circumstances in which parties are represented by separate counsel but engage in a common legal enterprise. *United States v. Schwimmer* 892 F.2d at 243. The doctrine only protects communications when they are part of an ongoing and joint effort to set up a common defense strategy. *Eisenberg v. Gagnon,* 766 F.2d 770, 787 (3rd Cir.1985), *cert. denied, sub nom., Weinstein v. Eisenberg,* 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 290 (1985); *see Schwimmer,* 892 F.2d at 243 (explaining that "[o]nly those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected."); *Matter of Bevill, Bresler & Schulman,* 805 F.2d 120, 125 (3rd Cir.1986) (holding that the party seeking the benefit of the joint defense doctrine must show that (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further that effort, and (3) the privilege has not been waived). Where a "joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel," communications may be deemed privileged whether litigation has been commenced against both parties or not. *Schwimmer,* 892 F.2d at 244.

The Court finds that the common interest doctrine applies to protect at least those communications between Pelco and Fireman's Fund relating to the claims and defenses in the underlying lawsuit. As to these communications, there is a commonality of interest and the attorney client privilege and the attorney work product privilege are not waived by the disclosure to Fireman's Fund.

In arguing that there is no common interest between Pelco and Fireman's Fund, Lectrolarm cites *First Pacific Networks, Inc. v. Atlantic Mutual Insurance Co.,* 163 F.R.D. 574 (N.D.Cal.1995), which held that the common interest doctrine did not apply to the insured/insurer context in that case. However, *First Pacific Networks, Inc. v. Atlantic Mutual Insurance Co.* was a coverage case between the insured and the non-defending insurer. The non-defending insurer

was seeking communications between the insured and a defending insurer about the underlying case. There, the sought after communications were relevant to the claims in the action, i.e., coverage and the insured's characterization of the underlying action for purposes of coverage was highly relevant. The insured and the defending insurer had no common interest *vis a vis* coverage or the insured's claims against the non-defending insurer. Thus, there was no common interest in that coverage case. Here, there is a common interest with regard to the underlying case against Lectrolarm and with regard to communications relating to that common interest the privilege is not waived by disclosure to Fireman's Fund.

## C. Fireman's Fund's Motion for Protective Order

█ Federal Rule of Civil Procedure 26(c) provides:

> Upon the motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Fed.R.Civ.P. 26(c). Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed.R.Civ.P. 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc.,* 666 F.2d 364, 368–369 (9th Cir.1982). In determining whether good cause exits for the protective order, the court must balance the interests in allowing discovery against the relative burdens to the parties and non parties. *In re Coordinated Pretrial Proceedings* 669 F.2d 620, 623 (10th Cir.1982); *see also Wood v. McEwen,* 644 F.2d 797, 801–801 (9th Cir.1981).

As discussed, the Court finds that the threat of production of the information at issue in this motion creates a wedge between the insured and their insurance carrier which is not in the best interests of any of the parties in this or any other litigation. Further, it is very unlikely that Fireman's Fund is in possession of any factual information which has not already been discovered by Lectrolarm. To the extent Fireman's Fund may have additional information, such information is not likely to be relevant to the claims or defenses in this action or is privileged information. Consequently, the Court believes that the discovery is sought for the improper and harassing purpose of obtaining opposing counsel's opinions, strategies and conclusions. The burdensome and harassing nature of the requests clearly outweighs the minimal need for the very limited amount of information that could be discovered under the subpoenas. Accordingly, the Court finds that Fireman's Fund has shown good cause for the issuance of a protective order and will issue the protective order which shall remain in effect unless and until Lectrolarm can provide the Court with a showing that there is specific, *relevant* information in Fireman's Fund's possession that would not be protected from disclosure by the attorney client privilege or the attorney work product doctrine as discussed in this order.

### *CONCLUSION*

Accordingly, the Court having read and considered the joint stipulation submitted by the parties and having heard the arguments at the hearing HEREBY ORDERS Lectrolarm's motion to compel response to request for production of documents number 70 is DENIED and Fireman's Fund's motion for protective order is GRANTED.

IT IS SO ORDERED.